

**SO ORDERED,**

**Judge Jason D. Woodard**

United States Bankruptcy Judge

The Order of the Court is set forth below. The case docket reflects the date entered.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANTONIO BARRAGAN | ) | Case No.:   18-12591-JDW |
| and ERICA L. BARRAGAN | ) | |
| | ) | |
| Debtors. | ) | Chapter   13 |

### MEMORANDUM OPINION AND ORDER

This matter came before the Court for hearing on June 25, 2019 on the debtors' *Objection to Proofs of Claim of Mechanics Bank* (the "Objection to Claim") (Dkt. # 61) and *Mechanics Bank's Objection to Confirmation of Debtor's Chapter 13 Plan and Motion for Valuation and Lien Avoidance* (the "Objection to Confirmation") (Dkt. # 89). The issue in this case is whether the bank violated the Truth in Lending Act ("TILA") by failing to inform the debtors of a three-day right to rescind and should therefore have its loan treated as unsecured. The Court concludes that TILA does not require a three-day right to rescind when the loan is primarily for a business purpose, as this

1

loan was, and the Objection to Claim is due to be overruled and the Objection to Confirmation is sustained.

## I. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157(a) and 1334, and the *United States District Court for the Northern District of Mississippi's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 6, 1984. This is a core proceeding as set forth in 28 U.S.C. § 157(b)(2)(A), (B), (K), and (L).

## II. PROCEDURAL ANOMALY

At the June 25 hearing, the parties waived their right to an evidentiary hearing and instead sought leave to file cross-briefs. The Court granted the request and briefs were due within thirty (30) days. The bank filed its brief on July 25 (Dkt. # 102). The debtors did not file a brief.

## III. FACTS[1]

The pertinent facts are undisputed. On or about December 8, 2015, the bank made a loan to both debtors.[2] The debtors executed a Universal Note in the amount of $180,461.50 (the "First Note") payable to the bank and secured by a deed of trust on their home.[3] The deed of trust included a future advance

---

[1] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such, and vice versa.
[2] Claim #7-3, p. 5.
[3] *Id.* at 7.

clause that provides: "All future advances and other future obligations are secured by this Security Instrument even though all or part may not yet be advanced."[4]

On or about June 3, 2016, the bank made a loan to Bim Bam Burgers, LLC ("Bim Bam").[5] Mr. Barragan, in his capacity as Manager of Bim Bam, executed a second Universal Note (the "Second Note") payable to the bank in the amount of $48,179.00.[6] The purpose of the Second Note was to "purchase business equipment" for Bim Bam, which was pledged to the bank to secure the loan.[7] In addition, Mr. Barragan personally guaranteed repayment of the Second Note. His guaranty is secured by the deed of trust.[8]

## IV. CONCLUSIONS OF LAW

Congress enacted TILA to "promote consumers' 'informed use of credit' by requiring 'meaningful disclosure of credit terms.'"[9] TILA provides, in pertinent part:

> [I]n the case of any consumer credit transaction (including opening or increasing the credit limit for an open end credit plan) in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the

---

[4] *Id.* at 8.
[5] Claim #8-2, p. 5.
[6] *Id.*
[7] *Id.* The bank concedes that its security interest in Bim Bam's equipment was not properly perfected. That collateral is not at issue here.
[8] Claim #8-2, p. 12.
[9] *Chase Bank USA, N.A. v. McCoy*, 562 U.S. 195, 198 (2011).

> transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.[10]

As part of any transaction subject to the right to rescind, a bank is required to "clearly and conspicuously disclose" the right and provide the necessary forms to the debtor.[11] Here, the bank did not give the debtors the TILA notice of rescission rights as part of the second loan transaction. The debtors contend, therefore, the home does not secure the Second Note. The bank contends that rescission rights do not arise in business loans. The bank is correct.

12 C.F.R. § 1026.3(a)(1) clarifies TILA to make clear that "[a]n extension of credit primarily for a business, commercial, or agricultural purpose" is not subject to TILA's three-day right of rescission. When determining whether a loan is primarily for a business or commercial purpose, there are multiple factors:

> A. *The relationship of the borrower's primary occupation to the acquisition. The more closely related, the more likely it is to be business purpose.*

---

[10] 15 U.S.C.A. § 1635(a).
[11] *Id.*

B. The degree to which the borrower will personally manage the acquisition. The more personal involvement there is, the more likely it is to be business purpose.

C. The ratio of income from the acquisition to the total income of the borrower. The higher the ratio, the more likely it is to be business purpose.

D. The size of the transaction. The larger the transaction, the more likely it is to be business purpose.

E. *The borrower's statement of purpose for the loan.*[12]

Further, a "business-purpose credit" is "[a] loan to expand a business, *even if it is secured by the borrower's residence or personal property.*"[13]

The Second Note states unambiguously, "The purpose of this loan is [to] purchase business equipment."[14] Additionally, Mr. Barragan sought the loan as owner of Bim Bam, and the extension of credit was to Mr. Barragan's primary business and occupation. The loan was primarily for a business purpose as contemplated by 12 C.F.R. § 1026 and is therefore not subject to TILA's three-day right of rescission. The First Note's future advance clause is enforceable[15] and does not trigger TILA's three-day right of rescission.

---

[12] 12 C.F.R. § Pt. 1026, Supp. I, Part 1 (emphasis added).
[13] *Id.* (emphasis added).
[14] Claim # 8-2, p. 5.
[15] Because both debtors are listed as "Grantors" on the deed of trust and the deed of trust contains a valid future advance clause, the deed of trust secures any future debts incurred by either Grantor. *See generally In re Windham*, 568 B.R. 263, 267 (Bankr. N.D. Miss. 2017) (Dragnet and future advance clause in deed of trust on homestead applied to both grantors, even where wife was ignorant of husband's other debts).

5

## V. CONCLUSION

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that the debtors' Objection to Claim (Dkt. #61) is **OVERRULED** and the bank's Objection to Confirmation (Dkt. #89) is **SUSTAINED.** The debtors have fourteen (14) days to file an Amended Plan providing for the treatment of Claim #8-2 as fully secured.

##END OF ORDER##